No. 3187.—JACOB U. PAYNE v. BIDDY GRAHAM, Tutrix.

23 771
52 934

Real estate in the possession of a third party under a recorded title ostensibly valid can not be seized by a judgment creditor of his vendor, under the allegation of fraud, until the title itself has been set aside by a direct action. An injunction will therefore lie in favor of such third possessor restraining the seizure and sale by the judgment creditor.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. Hough, J. Breaux & Fenner, for plaintiff and appellee. E. D. Farrar, for defendant and appellant. Jacob Hawkins, for defendant and appellant on rehearing.

TALIAFERRO, J. The defendant in this case, representing the succession of her husband, having obtained a judgment against Charles J. Hester, issued an execution and caused to be seized by the sheriff several tracts of land as property of Hester. The plaintiff enjoined

the sale on the ground that he is the owner of the property, and in possession of it under title duly recorded in the parish of Madison on the sixth of November, 1869. The plaintiff had judgment perpetuating the injunction, and the defendant appeals.

In its important features, this case bears a close resemblance to the case of Mary B. Waddill v. Payne & Harrison, just decided, and it must be disposed of on the same grounds.

Payne & Harrison having a judgment against Hester, rendered by the Fourth District Court of New Orleans, recognizing a special mortgage on four tracts of land in the parish of Madison, and ordering the sale of them to pay a large debt owing by Hester to Payne & Harrison, seized under execution the mortgaged lands, which were sold, excepting one tract previously sold at sheriff's sale under the judgment in favor of Graham's succession, and the sale of which, under Payne & Harrison's judgment, was enjoined by Mrs. Waddill when advertised for sale under the seizure of Payne & Harrison. The sale went on as to the other tracts, and the plaintiff in this suit became the purchaser. The mortgage in favor of Payne & Harrison being the oldest of record in the parish of Madison against the property of Hester, and containing the pact de non alienando, no sale of any of the lands could legally have been made under the judgment and judicial mortgage of Graham's succession, unless they brought a sum exceeding the amount of the older mortgage. The second seizure under the same judgment, and which forms the subject of the present litigation, can have no greater effect. It seems, however, that the defendant has proceeded upon the assumption that the judgment of Payne & Harrison, rendered by the Fourth District Court of New Orleans, is an utter nullity, presenting the same arguments that were used to sustain the injunction in the case of Mary B. Waddill v. Payne & Harrison. The grounds taken by the plaintiff in that case we considered untenable for the reasons there assigned, and we reter to them as applicable in this case. Besides, the defendant having merely a judicial mortgage, and that of posterior date to the special mortgage of her opponents, and not even alleging simulation in the act by which Payne & Harrison acquired title, we are not clear that she could properly attack their title and possession by a direct seizure.

It is therefore ordered, adjudged and decreed that the judgment rendered by the district court be affirmed with costs.

Mr. Justice Wyly took no part in this decree

---

ON REHEARING.

WYLY, J. The defendant, Biddy Graham, tutrix, appeals from the judgment perpetuating the injunction herein sued out by the plaintiff,

decreeing the latter to be the owner of the land seized, and condemning the defendant *in solido* to pay $500 damages.

At the time the land in question was seized by the sheriff under the judgment of Biddy Graham, tutrix, *v.* Charles J. Hester, it was possessed by the plaintiff as owner under a recorded title ostensibly valid. It has been repeatedly held that such a title can not be attacked collaterally. 23 An. 134.

On this ground alone, and without expressing an opinion in regard to the other points presented in the case, we think the injunction should be perpetuated, reserving, however, the right of the defendant, Biddy Graham, tutrix, to inquire, in a direct action, into the validity of the title asserted by the plaintiff to the land in controversy.

It is therefore ordered that the judgment of this court, of the thirteenth day of March, 1871, be set aside, and it is now ordered that the judgment of the court below be amended by striking out that part thereof recognizing the validity of the plaintiff's title, and as thus amended that it be affirmed. It is further ordered that the plaintiff pay costs of appeal.

Chief Justice Ludeling is recused in this case.